UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60271-CIV-DIMITROULEAS

JUDE BOUQUET,

    Plaintiff,

vs.

KIRK TANNER,

    Defendant.
_____/

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS CAUSE is before the Court *sua sponte*, upon review of *pro se* Plaintiff Jude Bouquet ("Plaintiff")'s Complaint, filed on February 16, 2024. *See* [DE 1].

Plaintiff filed a Complaint against Defendant Kirk Tanner, Wendy's CEO ("Defendant"), for alleged discrimination Plaintiff experienced while visiting a Wendy's restaurant on February 2, 2024. *See* [DE 1]. Plaintiff alleges that he experienced unlawful discrimination when a Wendy's manager called the police on Plaintiff for staying too long despite being a paying customer. *See id.* As to the requested relief, Plaintiff seeks "justice," stating that Defendant needs to "pay for [dis]respecting customers." *See id.*

As this is a proceeding *in forma pauperis*, the Court must determine whether the instant case is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B).  A court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim upon which relief may be granted." § 1915(e)(2)(B)(ii).

It is axiomatic that federal courts are courts of limited jurisdiction. *Russell Corp. v.*

*American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction." *Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). As a threshold matter, the Court must determine if jurisdiction exists before proceeding to the merits of the case. *Sinochem Int'l Co. v. Malay Int'l Shipping Corp*, 127 S. Ct. 1184, 1191 (2007) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purposes of deciding the merits of the case." (internal quotations omitted)).

The Court has reviewed the *pro se* Complaint. The Complaint is insufficient to establish that the Court has subject matter jurisdiction over this action. There is no federal question that is clear from the Complaint for which this Court would have jurisdiction under 28 U.S.C. § 1331[1], nor are there sufficient allegations to determine that this Court would have jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction.

Even if the Court had subject matter jurisdiction over this action, the Complaint is subject to dismissal pursuant to § 1915(e)(2)(B)(ii), as it fails to state a claim for relief. The Court notes that Plaintiff is *pro se*. A *pro se* litigant's pleadings must be construed more liberally than pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("*pro se* pleadings are held to a less stringent standard than those pleadings drafted by attorneys and will, therefore, be liberally construed") (citations omitted). However, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)

---

[1] Merely using the words "discrimination," unrelated to any allegations supporting a cause of action, is insufficient for federal question jurisdiction.

(citations omitted).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's motion to proceed *in forma pauperis* [DE 3] is **DENIED**.

2. The above-styled action is hereby **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction or, alternatively, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk is directed to **CLOSE** this case and **DENY as moot** any pending motions.

4. The Clerk is **DIRECTED** to mail a copy of this Order to the address below.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 20th day of February 2024.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jude Bouquet
4960 SW 12th Street
Margate, FL 33068